THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
Attorney for Plaintiff
6273 Sunset Drive
Suite D3
South Miami, Florida 33143
Telephone: (253) 970-1683
CA Bar No. 310526
Email:  Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Plaintiff, LENORA ANTOINETTE STINES**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORA ANTOINETTE STINES, an individual, )<br>　　　　　Plaintiff, )<br>　　vs. )<br>　 )<br>BJC TOURING, INC., a Delaware corporation; )<br>BEYONCE KNOWLES-CARTER, an individual; )<br>SHAWN CARTER, an individual; and )<br>DOES 1 through 100, inclusive )<br>　 )<br>　　　　　Defendants. )<br>　 )<br>　 ) | Case No.: 2:20-cv-05364-FMO (RAOx)<br><br>PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE [DE 14]<br><br>DECLARATION OF ANDREW WILLIAMS, ESQ. AND STIPULATION [LODGED CONCURRENTLY HEREWITH] |

Plaintiff, LENORA ANTOINETTE STINES ("Dr. Stines" or "PLAINTIFF"), submits this response to this Court's September 8, 2020 Order to Show Cause regarding the dismissal of this case for Plaintiff's alleged lack of prosecution.

As evidenced in the declaration of Andrew Williams, Esq. (the lawful representative of the Plaintiff), and the Stipulation that was entered by the parties and lodged concurrently herewith, this case should not be dismissed for lack of prosecution because the Plaintiff is and has been actively working to resolve this matter with the Defendants, and Defendant BJC Touring, Inc ("BJC") was served with a copy of the Summons and Complaint on or around July 2, 2020.

RESPONSE TO ORDER TO SHOW CAUSE - 1

In addition, and/or alternatively, should this Court find that the Stipulation that was entered by the parties, and lodged concurrently herewith, is not satisfactory or it is legally deficient, the Plaintiff would respectfully ask that this Court consider this response as a Motion for Extension of Time to Serve Defendants Beyonce Knowles-Carter ("Knowles") and Shawn Carter ("Carter") ("Motion for Extension of Time"), who are the only named defendants who have yet to be served in this matter.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court "must extend the time for service for an appropriate period" where the plaintiff can show good cause exists for her inability to serve a defendant within 90-days. See Fed. R. Civ. P. 4(m). Here, the Plaintiff served Defendant BJC within approximately two (2) weeks after filing the Complaint. After serving BJC, the Plaintiff began engaging in settlement talks with counsel for the Defendants. It should be noted that BJC, Knowles and Carter all share the same counsel, who all signed the above-referenced Stipulation. Shortly after engaging in settlement discussions with counsel for the Defendants, Plaintiff asked counsel for Knowles and Carter if they were permitted to accept service on behalf of Knowles and Carter; however, after a lengthy wait, Plaintiff's counsel was finally informed that opposing counsel was not provided with such authority. Notwithstanding this fact, the parties continued with fruitful negotiations to resolve this matter.

A further justification for the extension of time is that the statute of limitations would bar the Plaintiff from refiling this case and from obtaining remedies that are currently available to her. In addition to "good cause," this Court also has discretion to nevertheless extend the service deadline if the applicable statute of limitations would bar refiling of the action and relief to the Plaintiff. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Courts can also evaluate other factors such as prejudice to the Defendants, and if the Defendants had actual notice. *Id*.

The Plaintiff's complaint alleges, among other things, right of publicity claims, which occurred in June 2018. The statute of limitations for right of publicity claims is two (2) years in California. Therefore,

the applicable statute of limitations will have run, so that even a dismissal without prejudice would bar or limit the available remedies for the Plaintiff in a refiled action. Furthermore, the Knowles and Carter have actual notice of the Complaint and claims against them and through their counsel, they are engaged in discussions to resolve this matter.

Plaintiff respectfully requests the opportunity to fully brief this matter should this Court determine that this response is to be construed as Motion for Extension of Time and that further briefing is needed and/or warranted.

**WHEREFORE**, Plaintiff moves this Court to accept its response to this Order to Show Cause and to enter the Stipulation as agreed to by the parties. In addition, and/or in the alternative, Plaintiff requests that this response be treated as a Motion for Extension of Time, and that the Plaintiff be permitted to file a supplemental brief, if needed.

DATED this 15th day of September 2020.

Respectfully submitted,

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.
BY: ANDREW WILLIAMS, ESQ.

CERTIFICATE OF SERVICE

Plaintiff MONTIA SABBAG hereby certifies that on this 15th day of September 2020, a true and complete copy of this motion was served on all parties and counsel of record through the CM/ECF filing system.

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.